IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01066-BNB

ALAN AMBROSE MEDINA,

    Plaintiff,

v.

DAWN WEBER, Deputy District Attorney, and
UNKNOWN OFFICIALS OF SAID OFFICE,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Alan Ambrose Median, currently is detained at the Denver County Jail in Denver, Colorado. Plaintiff, acting *pro se*, initiated this action on April 22, 2013, by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Complaint will be dismissed as legally frivolous.

    Plaintiff asserts that his conviction was overturned by the Colorado Court of Appeals on February 10, 2011. Plaintiff further asserts that on the first day of his trial Defendant threatened his appointed counsel that if he did not withdraw Defendant would have counsel disbarred. Plaintiff contends that Defendant acted outside of his

prosecutorial duties by threatening Plaintiff's counsel.  Plaintiff further contends that as a result counsel withdrew, new counsel was appointed, and in spite of his objection to the trial date set seven days beyond the speedy trial deadline the trial was held outside the deadline.  The Colorado Court of Appeals reversed Plaintiff's conviction and ordered him discharged from the imposed sentence.  Plaintiff seeks money damages.

" '[T]here is no question in this circuit that prosecutors are absolutely immune from liability for allegedly failing to conduct an adequate, independent investigation of matters referred to them for prosecution.' "  *Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (quoting *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991)).  Moreover, absolute immunity "may attach even to such administrative or investigative activities 'when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court.' "  *Pfeiffer*, 929 F.2d at 1490 (quoting *Snell v. Tunnell*, 920 F.2d 673, 693 (10th Cir. 1990)).  The alleged denial of Plaintiff's right to a speedy trial is the type of circumstance for which prosecutorial immunity applies.  Therefore, Defendant Weber is immune from liability.

Furthermore, although Plaintiff fails to list the Denver District Attorney's Office as a named party in the caption of the Complaint, he does list the office as a party under Section, "A. Parties," of the Complaint form.  Nonetheless, the Denver District Attorney's Office, along with any Unknown Officials of the Attorney's Office referred to by Plaintiff in the caption of the Complaint, are immune from suit.  The State of Colorado and its agencies are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state

of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kan. Medical Center*, 163 F.3d 1186, 1194-97 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Thus, Denver District Attorney's Office and Defendant Unknown Officials are absolutely immune from liability under § 1983 for Plaintiff's speedy trial claim.

Based on the above findings, the Court will dismiss the action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) for seeking money damages against a defendant who is immune from such relief.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED May 30, 2013, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
Untied States District Court